1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  HEATHER CHALFANT,<br><br>13                    Plaintiff,<br><br>14          v.<br><br>15  UNITED OF OMAHA LIFE INSURANCE<br>COMPANY,<br><br>16                    Defendant. | Case No.  15-cv-03577-HSG<br><br>**ORDER GRANTING MOTION FOR<br>SUBSTITUTION OF PLAINTIFF;<br>ORDER DENYING MOTION FOR<br>SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 25, 48 |

17         Plaintiff Heather Chalfant filed a complaint in this action on August 4, 2015 seeking to

18 recover long-term disability benefits.  Dkt. No. 1 ("Compl.").  Two motions are pending before

19 the Court.  First, Defendant United of Omaha Life Insurance Company moves for summary

20 judgment, contending Plaintiff's action is time-barred under the plan's contractual limitations

21 period, Dkt No. 25.  The Court held a hearing on this motion on February 18, 2016, Dkt. No. 40.

22         On April 11, 2016, before the Court had issued a ruling on the pending summary judgment

23 motion, Plaintiff's counsel notified the Court that Plaintiff had passed away five days earlier.  Dkt.

24 No. 44.  Accordingly, Plaintiff's motion for substitution of party under Federal Rule of Civil

25 Procedure Rule 25(a), Dkt. No. 48, is also before the Court; the Court finds this motion suitable

26 for disposition without oral argument, *see* Civ. L.R. 7-1(b).

27         For the reasons described below, the Court GRANTS Plaintiff's motion to substitute, and

28

1  DENIES Defendant's motion for summary judgment.

## I.  BACKGROUND

Plaintiff was employed by Dealey, Renton & Associates Insurance Brokers Inc. starting in 2007, and participated in the company's Long-Term Disability Plan ("Plan"), which is regulated by the Employee Retirement Income Security Act ("ERISA").  *See* Compl.  Defendant insures short-term disability ("STD") and long-term disability ("LTD") benefits under the Plan.  Dkt. No. 25-1, ¶¶ 2-3.  Plaintiff alleges she became disabled in February 2011, and subsequently sought both STD and LTD benefits under the Plan.

## II.  MOTION FOR SUBSTITUTION

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.

Fed. R. Civ. P. 25(a)(1).  "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party."  *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).  If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Here, Plaintiff seeks to substitute Jasmine Chalfant as the new plaintiff in this action. Defendant does not contest that the motion is timely or contend that the claims pled are extinguished; rather, Defendant questions whether the substituted party is proper, Dkt. No. 49 at 3, seeking to ensure that the substitute can fully represent the estate and that Defendant will not later face claims by an individual or entity who may have claims against the estate.  Dkt. No. 54 at 2.

Although Rule 25(a) is a procedural rule dictating the manner by which substitution may occur in federal courts, "[t]he question of who is a proper party. . . is a substantive issue, for which we must rely upon state law."  *Fox v. Cty. of Tulare*, No. 1:11-CV-00520-AWI, 2014 WL 897040, at *6 (E.D. Cal. Mar. 6, 2014).  The California Code of Civil Procedure provides that:

> The person who seeks . . . to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or declaration under penalty of

United States District Court
Northern District of California

2

perjury under the laws of this state stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) 'No proceeding is now pending in California for administration of the decedent's estate.'

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

(B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.'

(6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.'

(7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.'

Cal. Civ. Proc. Code § 377.32(a).  Additionally, a certified copy of the death certificate must be attached to the affidavit or declaration.  § 377.32(c).

Here, decedent's mother Grace Jefferson submitted a declaration that met § 377.32(c)'s requirements.  Dkt. No. 52.  The declaration provided that Heather Chalfant died on April 6, 2016 in San Francisco, California, while this lawsuit was pending; that no proceeding is now pending in California for administration of her estate; that she died intestate without a surviving spouse or issue, and therefore Grace Jefferson is her successor in interest, as defined in § 377.11, thus succeeding decedent's interest in this action; and that no other person has a superior right to commence the action or proceeding or to be substituted in her place.  *Id.*  Counsel also filed with the Court a certified copy of her death certificate, confirming that she in fact passed away on April 6 in San Francisco.  *Id.*  Finally, Grace Jefferson states that through "a Limited Power of Attorney,

3

1  I have assigned my rights to my daughter, Jasmine Chalfant, to be my attorney-in-fact for the

2  above mentioned fact." *Id.*

3        The submitted declaration demonstrates that Grace Jefferson is a "proper party," and the

4  Court therefore GRANTS the motion to substitute.  Moreover, having reviewed the power of

5  attorney, the Court finds that Jasmine Chalfant is appropriately recognized as the attorney-in-fact

6  in this action.  Dkt. Nos. 48-1, 48-2.

7  **III.    SUMMARY JUDGMENT MOTION**

8        Defendant moves for summary judgment, contending that Plaintiff's suit for LTD benefits

9  is not timely.

10        **A.    Legal Standard**

11        Summary judgment is proper "if the movant shows that there is no genuine dispute as to

12  any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

13  The moving party bears the initial burden of demonstrating the absence of a genuine issue of

14  material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party must

15  demonstrate that there is an absence of evidence to support the non-moving party's case.  *Id.* at

16  325.

17        Once the moving party has met its burden, the burden shifts to the nonmoving party to "set

18  forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a

19  genuine issue for trial.'"  *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626,

20  630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324).  To carry this burden, the non-moving party

21  must "do more than simply show that there is some metaphysical doubt as to the material facts."

22  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "The mere

23  existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the

24  jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

25  242, 252 (1986).

26        In deciding a summary judgment motion, the Court must view the evidence in the light

27  most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Id.* at 255.

28  However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise

United States District Court
Northern District of California

4

1    genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*,

2    594 F.2d 730, 738 (9th Cir. 1979); *see also Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055,

3    1063 (9th Cir. 2012).

4        **B.**    **Discussion**

5    California Insurance Code § 10350.11 provides:

6               No action at law or in equity shall be brought to recover on this
7               policy prior to the expiration of 60 days after written proof of loss
                has been furnished in accordance with the requirements of this
8               policy.  No such action shall be brought after the expiration of three
                years after the time written proof of loss is required to be furnished.

9    Cal. Ins. Code § 10350.11.  Consistent with § 10350.11, the parties agree that there is a three year

10    limitations period, and that the limitations period began to accrue after Plaintiff's written proof of

11    loss was due.  *See* Dkt. No. 25 at 3-4; *see* Dkt. No. 26 at 3.

12        Turning to the question of when proof of loss was due, Defendant's proof of loss policy for

13    LTD claims provides as follows:

14               The claim form should be sent to us within 90 days after the end of
                your Elimination Period; or as soon as reasonably possible. If it is
15               not possible to give us proof within 90 days, it must be given to us
                no later than one year after the time proof is otherwise required,
16               unless the claimant is not legally capable.

17    *Id.* at 1360.

18        The Elimination Period for LTD is the first 90 days of a period of disability.  Dkt. No. 25-

19    1, ¶ 3; Dkt. No. 25-3 at 1335.  Plaintiff's alleged disability date is February 10, 2011.  Compl. ¶ 9.

20    The Elimination Period, or ninety days after the disability date, is May 10, 2011.  Accordingly, if

21    it was "reasonably possible" for Plaintiff to send the claim form within 90 days after the

22    Elimination Period, by August 10, 2011, then the three year statute of limitations started accruing

23    on August 10, 2011.  If it was not reasonably possible to submit the proof of loss within 90 days,

24    then at the latest, Plaintiff was required to submit it no later than one year later on August 10,

25    2012, and August 10, 2012 would be the date from which the limitations period accrues.  Plaintiff

26    filed this action on August 4, 2015.  *See* Compl.  The timeliness of her claim thus hinges on

27    whether it was "reasonably possible" for her to submit the proof of loss by August 10, 2011.  If it

28    was, then the statute of limitations expired in August 10, 2014, and her claim is untimely.  If it was

United States District Court
Northern District of California

5

not, then the statute of limitations expired on August 10, 2015, and her claim is timely.

As the moving party, Defendant met its initial burden of identifying facts to show that it was "reasonably possible" for Plaintiff to file a proof of loss by August 10, 2011.  The LTD Plan identifies the limited requirements a claimant must meet in filing the proof of loss.  The claimant must provide a claim form or written statement of what happened that includes:

> (a) that you are under the Regular Care of a Physician;
>
> (b) the appropriate documentation of your job duties at your regular occupation and your Basic Monthly Earnings;
>
> (c) the date your Total and/or Partial Disability began;
>
> (d) the cause of your Total and/or Partial Disability;
>
> (e) any restrictions and limitations preventing you from performing your regular occupation;
>
> (f) the name and address of any Hospital or institution where you received treatment, including attending Physicians.

Dkt. No. 25, Ex. B at 1360.  Additionally, the employee and employer must sign the claim form, and the employee's doctor must fill out portions of the form as well.  *Id.*

The record shows Plaintiff was capable of submitting her STD claim form, which largely included the same information required in the proof of loss, during the same time period the proof of loss was due.  She submitted the form on February 26, 2011, listing February 7, 2011 as the date of her disability and February 10, 2011 as the date she became unable to work full-time.  Dkt. No. 25-4 at 4.  She identified her responsibilities at work and her weekly earnings, and indicated that she was under the care of physicians, specifically including the names of treating physicians and an occupational health specialist.  *Id.* at 4-10.  Plaintiff further provided an employer's statement and attending physician's statement as a part of her claim.  *Id.*

In response, Plaintiff's opposition consists largely of unsupported assertions about her ability to "reasonably" submit a proof of loss by August 10.[1]  But three limited bases supported by

---

[1] Plaintiff's failure to cite evidence with specificity left the Court without documentary support for Plaintiff's generalized assertions of illness.  The Court rejects Plaintiff's attempt to shift the burden of litigation onto the Court, declining to root through Plaintiff's exhibits and make the case for her.  *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.2001) (noting that "requiring the district court to search the entire record, even though the adverse

United States District Court
Northern District of California

the record speak to Plaintiff's ability to submit a proof of loss during the time period leading up to August 10, 2011. First, Plaintiff notes that she had an emergency hospital visit in March 2011. Dkt. No. 39, Ex. 2 at 1018. Second, there is a July 3, 2011 email from Plaintiff to Defendant, indicating that she is "having a lot of difficulty with [her] sleep schedule due to medication . . . [and that it's] been very difficult to keep track of time and days." Dkt. No. 33, Ex 3. at 227. And third, Plaintiff relies on a letter from its counsel to Defendant, where counsel states that the Social Security Administration found Plaintiff disabled, effective February 11, 2011. Dkt. No. 24, Ex. 4 at 968-69. Plaintiff's counsel states that the Administrative Law Judge found that Plaintiff's limitations on her ability to perform basic work activities were "severe," that she could "only perform simple routine tasks: cannot have any public contact; and cannot have minimal interaction with supervisors and coworkers," and that she "can go days without digesting her foods properly." *Id.*

The record before the Court in support of Plaintiff's position is very weak. For example, there is no evidence before the Court regarding the March 2011 hospital visit, what Plaintiff was treated for, or how it limited her ability to meet the minimal proof of loss requirements by August 2011. But although it seems unlikely that Plaintiff will be able to establish at trial that this action was timely filed, at this stage of litigation, the Court must make all reasonable inferences in Plaintiff's favor. In doing so, the Court cannot conclude as a matter of law that it was reasonably possible for Plaintiff to submit the LTD proof of loss form within 90 days. *See Hexcel*, 681 F.3d at 1063 (holding that the district court may grant summary judgment "only if uncontroverted evidence 'irrefutably demonstrates'" that plaintiff failed to timely file a complaint). Accordingly, the Court DENIES the motion for summary judgment.

---

party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair" to the movant, to the court, and to other litigants whose cases the court could be addressing); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (holding that the court is not obligated to "to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment" (internal quotation marks omitted)).

## IV.     CONCLUSION

The Court GRANTS Plaintiff's motion to substitute Grace Jefferson as the proper party under Rule 25(a), and DENIES Defendant's motion for summary judgment.

The Court sets a case management conference for September 6, 2016 at 2:00 p.m. to discuss case scheduling and the possible resolution of this case through mediation.

**IT IS SO ORDERED.**

Dated:  8/31/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California